■ In the Matter of RONALD LOPEZ, as President of the Chairmen's Association Sewanhaka District, Respondent, v BOARD OF EDUCATION OF THE SEWANHAKA CENTRAL HIGH SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Sewanhaka Central High School District, dated July 10, 1985, which denied the petitioner's request to grant eligible members of his association cash payments pursuant to a collective bargaining agreement, the appeal is from a judgment of the Supreme Court, Nassau County (Harwood, J.), entered October 7, 1986, which, *inter alia,* annulled the determination.

Ordered that the judgment is affirmed, with costs.

The petitioner, president of Chairmen's Association Sewanhaka District (hereinafter CASD), brought this proceeding to compel the respondent to tender to eligible members of the CASD a benefit that was claimed to be due under a collective bargaining agreement between the CASD and the respondent. The agreement provided:

"GENERAL FRINGE BENEFIT PROVISIONS

"Fringe benefits extended to teachers in their contract for dental plans, health insurance, and sick days which exceed benefits contained herein will be extended to chairpersons on the same basis. A pool of twenty days for extended leave on the same basis granted to the teachers due to illness is granted to the chairpersons and district coordinators."

The respondent also had an agreement with the Sewanhaka Federation of Teachers (hereinafter SFT), which provided, in pertinent part:

"B. [Leaves] Sick Leave * * *

"Teachers who use no more than six (6) sick days in any one school year may 'cash in' up to two (2) unused personal days

each year. Said payment to be made at the individual teacher's per diem rate of pay. Such payments to be made not later than July 15th."

By its context, the "cash-in" benefit is an expanded use of sick days. Therefore, the clause in the CASD agreement extending to their members "Fringe benefits extended to teachers * * * for * * * sick days" confers the "cash-in" benefit to eligible CASD members. Accordingly, regarding the issue of whether the fringe benefit provision, a parity clause, entitles CASD members to a cash benefit, we affirm for reasons stated in the decision of Justice Harwood at the Supreme Court. We further note that the parity clause is not unenforceable as against public policy. The effect of the clause was limited in time, and it was otherwise reasonable because of the similarity of duties of chairpersons and teachers and their professional relationship (see, Matter of City of Schenectady [City Fire Fighters Union], 85 AD2d 116). Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.